RECEIVED
JUN 26 2019
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | * | 1:19-cr-00209-01 |
|---|---|---|
| VERSUS | * | Judge Drell |
| | * | Magistrate Judge Perez-Montes |
| ROGER D. BOGGS | * | |

### INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
### Bank Fraud
### [18 U.S.C. § 1344]

1.  Beginning sometime in May 2015 and continuing until on or about March 2016, in the Western District of Louisiana, and elsewhere, the Defendant, **Roger D. Boggs**, knowingly devised and executed a scheme and artifice (a) to defraud Red River Bank, an institution whose deposits are insured by the Federal Deposit Insurance Corporation, and (b) to obtain monies, funds, credits, assets, securities, or other property owned by or under the custody or control of Red River Bank, an institution whose deposits are insured by the Federal Deposit Insurance Corporation, by means of materially false or fraudulent pretenses, representations or promises.

2.  It was part of the scheme and artifice to defraud that on or about June 5, 2015, the defendant, **Roger D. Boggs**, in support of a commercial loan request, submitted to Red River Bank that he possessed 26 million shares of American

Specialty Alloys, Inc. stock valued at $9 per share. At the time he made this representation, the Defendant, **Roger D. Boggs**, knew that he overstated the number of shares he possessed, as well as the value of the shares.

3. It was further part of the scheme and artifice to defraud that the Defendant, **Roger D. Boggs**, signed a Commercial Pledge Agreement in which he granted Red River Bank a continuing security interest in one million shares of American Specialty Alloys, Inc. stock as collateral for a commercial loan. On or about June 5, 2015, Red River Bank disbursed approximately $131,884.52 on behalf of **Roger D. Boggs**.

4. On or about June 11, 2015, the Defendant, **Roger D. Boggs**, again pledged one million shares of American Specialty Alloys, Inc. stock to Red River Bank as collateral for an additional disbursement on the June 5, 2015, commercial loan. On or about June 11, 2015, Red River Bank issued a Lender's Check in the amount of $66,827.48 to the Defendant, **Roger D. Boggs**.

5. On or about September 22, 2015, the Defendant, **Roger D. Boggs**, renewed the existing commercial loan with Red River Bank. **Roger D. Boggs** again pledged as collateral one million shares of American Specialty Alloys, Inc. stock. At the time he pledged the one million shares, he had knowledge that he overstated the number of shares he possessed, as well as the value of the shares. Additionally, he had knowledge the company had outstanding debts and its bank accounts were closed.

6. In furtherance of the scheme and artifice to defraud, on or about

September 25, 2015, the Defendant, **Roger D. Boggs**, executed a mortgage with Red River Bank for real estate property in Webbville, Kentucky. At the time that **Roger D. Boggs** signed the mortgage as collateral for the renewed commercial loan he knew that he had previously conveyed the property to I.J.B. on or about September 12, 2015, and was no longer the owner of the property.

7.   On or about June 5, 2015, June 11, 2015, and September 25, 2015, in the Western District of Louisiana, and elsewhere, the Defendant, **Roger D. Boggs**, executed the scheme and artifice as set forth above, in that the Defendant submitted fraudulent stock certificates and signed a fraudulent mortgage in support of his loan requests, all in violation of Title 18, United States Code, Section 1344.

## COUNT 2
## False Statement on Loan Application
## [18 U.S.C. § 1014]

On or about June 5, 2015, in the Western District of Louisiana, and elsewhere, the Defendant, **Roger D. Boggs**, knowingly made a false statement for the purpose of influencing the action of Red River Bank, a financial institution the deposits of which were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that the defendant, **Roger D. Boggs**, overvalued collateral, that is shares of American Specialty Alloys, Inc. stock. All in violation of Title 18, United States Code, Section 1014. [18 U.S.C. § 1014].

## COUNT 3
## False Statement on Loan Application
## [18 U.S.C. § 1014]

On or about September 25, 2015, in the Western District of Louisiana, and elsewhere, the Defendant, **Roger D. Boggs**, knowingly made a false statement for the purpose of influencing the action of Red River Bank, a financial institution the deposits of which were insured by the Federal Deposit Insurance Corporation, in connection with a loan, in that the defendant, **Roger D. Boggs**, presented himself as the owner of collateral real estate, 5334 N. Highway 201, Webbville, Kentucky 41180, when in truth and in fact, as the defendant well knew, he sold the property on September 12, 2015 and was therefore not the owner of said property. All in violation of Title 18, United States Code, Section 1014. [18 U.S.C. § 1014].

### FORFEITURE

1. The allegations contained in Counts 1 through 3 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1344 set forth in Count 1 of this Indictment, the Defendant, **Roger D. Boggs**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, which constitutes, or is derived from proceeds traceable to the offenses.

3. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1014 set forth in Counts 2 and 3 of this Indictment, the Defendant,

**Roger D. Boggs**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, which constitutes, or is derived from proceeds traceable to the offenses.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.C.S. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

A TRUE BILL,

REDACTED
_____
GRAND JURY FOREPERSON

DAVID C. JOSEPH
United States Attorney

By: _____
TIFFANY E. FIELDS (AR 2012221)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101
Telephone: (318) 676-3600